**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TROY GENE BARBEE,

Petitioner-Appellant,

v.

SAM CALBONE; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 00-7104
(D.C. No. 98-CV-565-S)
(E.D. Okla)

ORDER AND JUDGMENT   *

Before **EBEL** , **PORFILIO,**  and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Troy Gene Barbee appeals the district court's order denying relief in this case filed pursuant to 28 U.S.C. § 2254. We granted Petitioner's motion for a certificate of appealability limited to the issue of whether the evidence was sufficient to support the jury's verdict. We affirm.

In 1996, Petitioner was convicted in state court of armed robbery and shooting with intent to injure after former conviction of a felony. He was sentenced to fifteen years' imprisonment on count one and ten years on count two to be served consecutively. His convictions and sentences were affirmed on direct appeal.

In his § 2254 petition, Petitioner alleged that insufficient evidence was adduced to convict him, he received ineffective assistance of both trial and appellate counsels, and he was convicted in violation of double jeopardy. He also asserted his trial should have been severed from that of his co-defendant, perjured testimony was presented, and various state law violations occurred.

At trial, the state presented evidence supporting the charge that Petitioner drove the vehicle used in the robbery of a victim who was stopped by the side of the road after his car had broken down. The vehicle pulled up beside the victim's car at which time Petitioner's co-defendant reached through the window of the vehicle and took possession of the victim's wallet. As the vehicle pulled away, the co-defendant fired one shot at the victim. Because it was dark, the victim

could not see Petitioner, the alleged driver of the vehicle.  Highway patrol officers stopped the vehicle several hours later on suspicion of drunken driving.  Petitioner was driving the vehicle at the time of the stop.  A gun was found inside the vehicle along with various credit cards belonging to the victim.

At trial, the victim identified Petitioner's co-defendant as the person who took his wallet and testified that the shot came from the passenger side of the vehicle.  Petitioner testified at trial and stated that he had spent the day and evening at his father-in-law's home, clearing 20-30 trees, digging postholes by hand and setting 16 posts, until leaving several hours after the robbery with his co-defendant to get some beer.  He denied committing the crime.

After exhausting his state court remedies, Petitioner brought this habeas action.  The district court denied relief, holding Petitioner presented no issues showing that he had been denied any constitutional rights which would entitle him to habeas relief.  On appeal, Petitioner argues the district court erred in this ruling.  We granted a certificate of appealability only on the issue of whether sufficient evidence was presented to support his conviction.  As to Petitioner's remaining contentions, we have reviewed the district court's judgment in light of his submissions to this court and the record on appeal.  Petitioner has failed to meet the parameters established in 28 U.S.C. § 2254(d)(1)(2) for issuance of a certificate of appealability on these remaining issues.

Petitioner argues the evidence presented at trial was insufficient to convict him because the victim could not identify him or say that he had any of the characteristics of the driver of the getaway car. He contends the evidence presented was admissible only against his co-defendant, not against him. Petitioner notes the evidence only showed he was in the car with his co-defendant three hours after the robbery, but not at the time of the robbery. He further asserts he did not own the car or the gun nor was he aware the gun was in the car. He contends there was no evidence that the car he was later driving was actually used in the robbery. Finally, he notes he had an alibi for the time of the robbery.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, when a state court has decided issues on the merits, we may grant habeas relief only if a petitioner can show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). Under federal law, we review a sufficiency of the evidence challenge to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The determination of the witnesses' credibility lies

-4-

within the province of the jury. A reviewing court "may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason." Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996) (quotation omitted).

Petitioner testified he did not commit the crimes. However, Petitioner's co-defendant admitted on cross-examination that on the date in question Petitioner was with him from before dark on. II Tr. 358-59. Likewise, Petitioner admitted that he was with his co-defendant from dusk to 10:00 p.m. II Tr. 380. As noted, the victim identified the co-defendant as the man that pointed the gun at his head and took his wallet. I Tr. 156.

Petitioner presented an alibi witness who testified as to the details of Petitioner's visit to her home on the night of the robbery in December. On cross-examination, however, she admitted she had previously told the district attorney the visit had been in January. She also testified she could remember the meal she had cooked that night, but not any other night that week. Further, that day was not any special day which would have caused her to remember it.

The evidence was sufficient for a rational juror to find Petitioner guilty of the crimes beyond a reasonable doubt. Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge